# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1057V
Filed: March 30, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| DWIGHT ZAHRINGER, *on Behalf* | * | UNPUBLISHED |
| *of* B.Z., | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Reasonable Attorneys' Fees and Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Lawrence G. Michel, Esq.*, Kennedy, Berkley, et al., Salina, KS, for petitioner.
*Heather L. Pearlman, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 22, 2015, Petitioner ("Mr. Zahringer," or "petitioner") filed a petition for compensation on behalf of his minor child, B.Z., under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that B.Z. suffered from "developmental delays, with the possibility of an underlying demyelinating condition" as a result of receiving a measles-mumps-rubella ("MMR") vaccination on September 17, 2012. *See* Petition ("Pet."), filed Sept. 22, 2015, at ¶¶ 2, 11. On December 15, 2016, the undersigned issued a decision dismissing petitioner's case. Decision, filed Dec. 15, 2016, ECF No. 36.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

Petitioner initially filed his petition on September 22, 2015, as a *pro se* petitioner. *See* Pet., filed Sept. 22, 2015. Petitioner filed nearly 200 pages of medical records with his petition. Petitioner's Exhibits ("Pet. Exs.") 1-2. On December 7, 2015, Lawrence Michel substituted in as petitioner's counsel. Motion to Substitute, filed Dec. 7, 2015, ECF No. 14. Over the next several months, Mr. Michel collected supporting medical records. Pet. Ex. 3-13, ECF No. 15-24. After his review of petitioner's medical records, Mr. Michel filed a motion for a ruling on the record. Motion, filed Sep. 14, 2016, ECF No. 33. Respondent filed a response, stating that petitioner had failed to demonstrate entitlement to compensation. Response, filed Sep. 29, 2016, ECF No. 35. Petitioner did not file a reply. A Decision dismissing the Petition was filed on December 15, 2016. Decision, ECF No. 36.

On February 14, 2017, petitioner filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees ("Motion for Fees") ECF No. 40. Petitioner requested attorneys' fees in the amount of $14,180.00, and attorneys' costs in the amount of $3,071.67, for a total amount of $17,251.67. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represented that petitioner had not incurred any out-of-pocket expenses. *Id.*[3] On February 23, 2017, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 41. Respondent provided no specific objection to the amount requested or hours worked, but instead, respondent "respectfully recommend[ed] that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On March 1, 2017, petitioner filed an "Amended Motion for Attorneys' Fees and Costs." Amended Motion for Fees, ECF No. 43. Petitioner requested attorneys' fees in the amount of $14,180.00, attorneys' costs in the amount of $3,071.67, and $614.00 for petitioner's costs, for a total amount of $17,865.67. *Id.* at 1-3. On March 20, 2017, respondent filed a response, stating that respondent "renews his request that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response, filed Mar. 20, 2017, ECF No. 44. A status conference was held on March 23, 2017. The undersigned addressed petitioner's Motion for Fees in which he requested forum rates. Petitioner's counsel is located in Kansas, and, prior to this application, had billed for, and been paid at a rate of $260.00 an hour. Status Conference Order Non PDF, dated Mar. 23, 2017. Petitioner's counsel advised that he would accept, for purposes of this application, his prior non-contested rate of $260.00 per hour. *Id.*

## II. Applicable Legal Standards

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir.

---

[3] Noting that petitioner had filed the Petition, along with several medical records as a *pro se* litigant, an email was sent to petitioner's counsel and copied to respondent's counsel from Chambers, inquiring about petitioner's out-of-pocket expenses.

1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

When considering motions for attorney fees and costs, the Court employs the lodestar method to determine the amount of attorney compensation. *Schueman v. Sec'y of Health & Human Servs.,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). While respondent does have the opportunity to object to a fee request, if no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of Health & Human Servs.*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

### III. Analysis

In this case, petitioner is requesting $17,865.67 in attorneys' fees and costs for the work performed by his attorney, Lawrence Michel, who practices in Salina, Kansas. Amended Motion for Fees, ECF No. 40 at 1. Petitioner arrived at this calculation based on an hourly rate of $350.00 from November 2015 until January 2017. *Id.* at 2. In addition, these fees include 8 hours of law clerk time at $125.00 per hour, and 6.8 hours of legal assistant time at $75.00 per hour. *Id.* However, during a status conference held on March 23, 2017, a discussion was had regarding forum and non-forum rates. Mr. Michel was advised that if it was his intention to be paid forum rates, he would have to present materials which supported that hourly rate in Salina, Kansas. Mr. Michel advised that he would accept the rates of $260.00 an hour for 2015, 2016, and 2017; a rate he has previously been awarded in this program. Status Conference Order Non PDF, dated Mar. 23, 2017.

**A.     Petitioner's Application for Fees**

Mr. Michel has handled cases in the Vaccine Program for over ten years, and has previously been awarded attorneys' fees in the amount of $260.00 per hour in 2015 and 2016 without objection. *See, e.g.*, *Will v. Sec'y of Health & Human Servs.*, No. 15-830V, 2016 WL 1627437, at *1 (Fed. Cl. Mar. 28, 2016); *Torres v. Sec'y of Health & Human Servs.*, No. 14-679V, 2015 WL 7717727, at *1 (Fed. Cl. Nov. 9, 2015). Based on the above, the undersigned finds that $260.00 is reasonable. Therefore, petitioner is entitled to $10,922.00 in attorneys' fees as follows: $9,412.00 for work performed by Mr. Michel (36.2 hours at $260.00 per hour), $1,000.00 in law clerk fees (8 hours at $125.00 per hour), and $510.00 in legal assistant fees (6.8 hours at $75.00 per hour).

**B.     Petitioner's Application for Costs**

Petitioner requests $3,071.67 in attorneys' costs, consisting of the costs of obtaining medical records and an expert review. Amended Motion for Fees, ECF No. 40 at 1. In addition,

petitioner requests $614.00 in petitioner's costs. *Id*. at 3. These costs include the $400.00 filing fee for the Petition, $180.00 for making copies of the medical records and $34.00 for shipping charges for transmittal of records to the Court which were incurred while petitioner was proceeding *pro se*. *Id*. The undersigned finds the requested attorney's costs and petitioner's costs reasonable.

### III. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,607.67[4] as follows:**

- **A lump sum of $13,993.67,** representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Lawrence Michel; and**

- **A lump sum of $614.00,** representing reimbursement for petitioner's out-of-pocket costs**, in the form of a check payable to petitioner.**

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.